

FILED
DISTRICT OF NEBRASKA
AT ....................................
MAY 8 - 1975
_____ Clerk
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHARLES A. CANNON, III, et al,<br><br>        Plaintiffs,<br><br>vs.<br><br><br>FIRST MID AMERICA INC., et al,<br><br>        Defendants. | MEMORANDUM AND ORDER<br><br><br><br><br><br><br>Northern District of Iowa,<br>Western Division<br>No. C 74-4043 |

    This matter is before the court on the motion of the plaintiffs for reconsideration of this court's order of February 28, 1975, determining that Dale Tinstman had not waived the attorney-client privilege as to a June 24, 1973, memorandum. The plaintiffs urge in the alternative that this court examine the memorandum and references to it in the SEC transcripts to determine if the memorandum falls within the attorney-client privilege.

    The plaintiffs seek reconsideration based largely upon the specific language used by counsel for Mr. Tinstman in producing the memorandum for use by the SEC in a private investigation of First Mid America, Inc. That exact language became available to the plaintiffs as a result of this court's order of February 28, 1975, since the court by that order decided that all of the material which the SEC had determined to release and which the plaintiffs sought in this court, other than the memorandum and discussion of it in the transcripts, should be turned over to the plaintiffs. This language employed by counsel for Mr. Tinstman convinces this court that its original order was incorrect. The language here indicates a voluntary waiver of a known right. The use of the term "waive" in the context before the court by experienced counsel is of no small significance, but this court's finding of fact rests not on the use of this term alone but on the entirety of defense counsel's remarks to the SEC. This language reflects a deliberate, uncoerced choice to reveal privileged material after consultation with counsel.

    Given this finding by the court, there is no need to consider the plaintiffs' alternative motion.

    THEREFORE, IT HEREBY IS ORDERED that the motion for reconsideration is granted, and the defendant Tinstman shall turn over to the plaintiffs a copy of the June 24, 1973, memorandum and references to it in the transcripts previously ordered handed to the plaintiffs are not to be excised.

    Dated May 7, 1975.

                                        BY THE COURT

                                        _____
                                        Chief Judge